IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                                                           **CRIM NO. 09-00760 RB**

**FRANK L. GUTIERREZ,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Government's Superseding Motion in Limine and Notice of United States' Intent to Introduce 404(b) Evidence of Other Crimes, Wrongs or Acts (Doc. 33), filed February 4, 2010. Having fully considered the parties' filings and the evidence and arguments presented at the motion hearing, the Court hereby **DENIES** the Government's motion which seeks admission of a prior drug conviction of Defendant. The Court finds the prior conviction stale, irrelevant and that any probative value is substantially outweighed by its potential for unfair prejudice.

Defendant Frank L. Gutierrez was pulled over for a routine traffic stop during the early morning hours of November 12, 2008 while traveling eastbound on Interstate 10 near Lordsburg, New Mexico. After conversing with Defendant, Sgt. Arthur De La Garza, who performed the stop, became suspicious that criminal activity was afoot. Defendant's vehicle was then seized, a search warrant was obtained, and police discovered 70.96 grams of methamphetamine in the trunk. Defendant was indicted on March 26, 2009 for unlawfully, knowingly, and intentionally possessing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. The case is set for trial on April 19, 2010.

At trial, the United States seeks to introduce evidence of Defendant's 1992 conviction for Conspiracy to Possess with Intent to Distribute Marijuana.  The United States argues that the prior conviction is relevant to show intent and knowledge.  Defendant filed a Response (Doc. 36) on February 8, 2010, arguing that the prior conviction is inadmissible because (1) it is not being offered for a proper purpose, (2) the conviction is not relevant, and (3) the potential for prejudice substantially outweighs the probative value of the evidence.

The United States asserts that evidence of Defendant's prior conviction should be admitted to show Defendant intentionally and knowingly possessed methamphetamine with intent to distribute.  Under Federal Rule of Evidence 404(b), evidence of prior crimes can be admitted for the limited purpose of showing intent or knowledge if four requirements are met: "(1) the evidence is offered for a proper purpose under FED. R. EVID. 404(b); (2) the evidence is relevant under FED. R. EVID. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under FED. R. EVID. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001); *see also Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).

Defendant first argues that the Government has not shown how the prior conviction will be used to prove Defendant's intent and knowledge. *See United States v. Temple*, 862 F.2d 821, 823 (10th Cir. 1988) (finding government bears the burden of articulating a precise "evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence"). Additionally, Defendant argues that the Government's purpose for introducing the prior conviction—to show Defendant's intent to possess and distribute methamphetamine and

knowledge that he was possessing contraband—is too broad. *See United States v. Biswell*, 700 F.2d 1310, 1317 (10th Cir. 1983) (finding that a "broad statement invoking the Rule does not suffice").

The Government counters that intent to possess is an element of both offenses, and Defendant had knowledge that the methamphetamine was in the trunk; therefore, Defendant's prior conviction functions to show intent and knowledge. Defendant was apprehended with a fairly small quantity of methamphetamine, 70.96 grams (or approximately 0.16 lbs.), and depending on Defendant's theory of the case, whether or not he possessed the intent to distribute the drugs may be at issue. *See Tan*, 254 F.3d at 1209 (finding prior convictions can be introduced to prove mens rea when intent is at issue in case); *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (finding that prior drug involvement can be used "to show plan, motive or intent in a drug trafficking offense"). Thus, the evidence might be offered to show intent, depending on Defendant's theory of the case.

Defendant next argues that the prior conviction is not relevant. "[P]rior narcotics involvement is relevant when that conduct is 'close in time, highly probative, and similar to the activity with which the defendant is charged.' " *Wilson*, 107 F.3d at 785 (quoting *United States v. McKinnell*, 888 F.2d 669, 676 (10th Cir. 1989)). Defendant's prior conviction occurred eighteen years ago, clearly not close in time.[1] *See Becker*, 230 F.3d at 1232 ("The relevance of [Defendant's] conviction[] is undermined by the length of time between the prior acts and the conduct involved in the instant [case] . . . . Four to six years transcends our conception of 'close

---

1. To place the time frame in context, eighteen years ago gasoline was $1.05 per gallon and Bill Clinton had just beat George H.W. Bush and H. Ross Perot for his *first* term as President of the United States.

3

in time' . . . ."). Additionally, because the prior conviction involved a different substance and a different charge, it does not demonstrate a common scheme or activity. *See id.* at 1233 ("the specific factual circumstances of prior acts can allow for further comparison to later offenses"). Consequently, the prior conviction is not relevant to the case at hand.

Finally, Defendant argues that the prior conviction should be excluded under Rule 403 because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Evidence should be suppressed when it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999). In the case at hand, the probative value of the prior conviction is minimal due to the amount of time that has passed and the factual differences between the two crimes; however, the potential for prejudice is great as it may provoke an emotional response in the jury or cause the jury to convict based on its belief that Defendant is a bad person or has a propensity for criminal activity, rather than the facts of the case. For these same reasons the Court rejects the notion that a cautionary instruction would alleviate unfair prejudice. Therefore, the Court finds that the evidence must be excluded because it is not relevant and because its limited probative value is outweighed by the potential for unfair prejudice.

**WHEREFORE**,

   **IT IS HEREBY ORDERED** that the Government's Superseding Motion in Limine and Notice of United States' Intent to Introduce 404(b) Evidence of Other Crimes, Wrongs or Acts (Doc. 33) is **DENIED**.

                            /s/   Michael J. Reagan
                            **HON. MICHAEL J. REAGAN**
                            **UNITED STATES DISTRICT JUDGE**