IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          CRIM NO. 09-00760 RB

FRANK L. GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the United States' Motion in Limine to Preclude Defendant from Making Any Reference at Trial to the Punishment Defendant Will or May Face Upon Conviction (Doc. 78) in which the Government requested that the Court issue an order precluding defense counsel or any defense witness from making reference at trial to the punishment Defendant will face if convicted. Specifically, the Government requested that the Court not give Defendant's Proposed Jury Instruction 6 or allow Defendant's Proposed Voir Dire Question 46. Having fully considered the parties' memoranda and the arguments for and against, the Court hereby **GRANTS** the United States' motion to preclude any reference to the punishment Defendant will receive if convicted or mandatory minimums as this may encourage jury nullification.

I.    **Background**

Defendant filed his Proposed Jury Instructions (Doc. 71) on April 7, 2010. Proposed Jury Instruction No. 6 states, "In this case, the United States Code mandates that possession with intent to distribute 50 grams or more of methamphetamine is punishable by a minimum of twenty years imprisonment." Defendant filed his Requested Voir Dire (Doc. 70) on April 7, 2010. Requested Voir Dire Question 46 inquires, "Does anyone themselves belong to, or have family or friends that

belong to the organization Families Against Mandatory Minimums?" On April 12, 2010, the United States filed a Motion in Limine to Preclude Defendant from Making Any Reference at Trial to the Punishment Defendant Will or May Face Upon Conviction. (Doc. 78.) Defendant filed a Response (Doc. 82) on April 18, 2010. The case is set for trial on April 19, 2010.

## II. Discussion

The Government argues that the Court should preclude any reference to the punishment that Defendant will face if convicted of his crime because this would encourage jury nullification: the jury might decide not to convict Defendant in deliberate disregard for the evidence because they find the twenty year minimum sentence excessive. The Tenth Circuit has expressed its disapproval of trial courts or attorneys providing any encouragement for jury nullification. *United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010) ("we disapprove of the encouragement of jury nullification"). Additionally, the Supreme Court has recognized that "a jury has no sentencing function," and "it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Id.* The Tenth Circuit has further recognized that "presenting information to the jury about possible sentencing is prejudicial." *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980). Thus, "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1996). Likewise, the Supreme Court has found that an instruction concerning a possible verdict is only appropriate in "certain limited circumstances," for example, "to remedy [a] specific misstatement or error." *Shannon*, 512 U.S. at 587.

### III. Conclusion

Consequently, Defendant's Proposed Jury Instruction No. 6 is inappropriate as it improperly references the punishment that Defendant may face if convicted and would encourage jury nullification contrary to Tenth Circuit and Supreme Court case law. Additionally, Defendant's Requested Voir Dire Question 46 unnecessarily references the issue of mandatory minimums, and the Court does not believe that blocking the question will unreasonably restrict Defendant's exploration of issues that might expose a basis for challenging prospective jurors.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that the United States' Motion in Limine to Preclude Defendant from Making Any Reference at Trial to the Punishment Defendant Will or May Face Upon Conviction (Doc. 78) is **GRANTED.**

HON. ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE