**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

**v.**                                                                 **No. 14-cv-0304 RB/SMV**
                                                                              **09-cr-0760 RB**

**FRANK L. GUTIERREZ,**

    **Defendant/Petitioner.**

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 14; CR Doc. 151][1] ("PF&RD"), issued on January 27, 2015. On reference by the undersigned, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found that all claims in Defendant/Petitioner (hereinafter "Petitioner") Frank L. Gutierrez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody [CV Doc. 1, CR Doc. 138] were without merit. *See generally* [CV Doc. 14; CR Doc. 151] at 8–25 (addressing the merits of all claims). Judge Vidmar recommended that the Court deny the claims raised in the § 2255 Motion and dismiss the case with prejudice. *Id.* at 26. Plaintiff filed objections on February 11, 2015, and therein requested an evidentiary hearing and an out-of-time appeal. [CV Doc. 15; CR Doc. 152]. The Court, being fully advised in the premises, will OVERRULE the objections, DENY the requests for an

---

[1] References that begin with "CV" are to case number 14-cv-0304 RB/SMV. References that begin with "CR" are to the underlying criminal case, 09-cr-0760 RB.

1

evidentiary hearing and an out-of-time appeal as waived, ADOPT the PF&RD, and DISMISS the action with prejudice.

## Background

On March 31, 2014, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody. [CV Doc. 1; CR Doc. 138]; Attachment, [CV Doc. 1-1; CR Doc. 138-1]. Petitioner supplemented his Motion on April 14, 2014. [CV Doc. 7, CR Doc. 142]. Plaintiff/Respondent (hereinafter "the Government") filed a response [CV Doc. 12, CR Doc. 150] on July 31, 2014. Plaintiff filed no reply.

Petitioner offers two grounds in support of his Motion. Ground One asserts three claims for ineffective assistance of trial counsel. First, Petitioner claims that trial counsel was constitutionally ineffective for failing to challenge the vehicle stop in either of two motions to suppress. Second, he claims that trial counsel was ineffective for failing to inform him of the plea agreement offered by the Government. Third, he claims that trial counsel was an ill man who should not have taken Petitioner's criminal case and that counsel entrusted the case to his inexperienced associate. In Ground Two, Petitioner claims that appellate counsel was ineffective for omitting two important Fourth Amendment issues on appeal.[2] In their response, the Government contends that all claims are meritless.

Judge Vidmar issued his PF&RD on January 27, 2015. [CV Doc. 14; CR Doc. 151]. Judge Vidmar found each of Petitioner's claims to be meritless, *id.* at 8–25, and recommended

---

[2] In Ground Two, Petitioner claims that either appellate counsel was ineffective in failing to raise two Fourth Amendment issues, or "trial counsel was ineffective for not preserving the issues for appeal." [CV Doc. 1-1] at 2; *see* [CV Doc. 1] at 6. The record indicates that trial counsel did preserve the two Fourth Amendment issues; accordingly, Judge Vidmar examined Ground Two as relating to appellate counsel. Petitioner does not object to Judge Vidmar's conclusion that Ground Two relates only to appellate counsel. *See* [CV Doc. 14; CR Doc. 152] (contending that "trial counsel properly included these issues in at least one of his Motions to Suppress").

that the action be dismissed with prejudice, *id.* at 26. Petitioner, through counsel, timely objected on February 11, 2015. [CV Doc. 15; CR Doc. 152].

**Standard of Review for Objections**
**to Magistrate Judge's Recommendations**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**Analysis**

I.  **Objections on claims for ineffective assistance of trial counsel overruled**

Petitioner objects to the portion of the PF&RD addressing his claim that trial counsel was ineffective in failing to challenge the legality of the vehicle stop in either of the two motions to suppress. [CV Doc. 15; CR Doc. 152] at 1. He broadly asserts "that the issue was of such importance under the facts of the case that it was ineffective assistance of his trial counsel not to litigate the issue." *Id.* Petitioner's objection is conclusory and is not sufficiently specific to focus the Court's attention on the issues in dispute. *See One Parcel of Real Property*, 73 F.3d at 1060. The objection is therefore overruled.

Further, Petitioner requests an evidentiary hearing on this ineffective-assistance-of-counsel claim pursuant to the standards set forth in *United States v. Adams*, 588 F. App'x 811 (10th Cir. 2014). Petitioner never requested an evidentiary hearing in his Motion or supplemental briefing—on this or any claim. The Court finds that Petitioner has waived an evidentiary hearing as to this claim. *See, e.g.*, *United States v. Garfinkle*, 261 F.3d 1030, 1031

(10th Cir. 2001) ("[T]theories raised for the first time in objections to [a PF&RD] are deemed waived."). Therefore, Petitioner's request for an evidentiary hearing is denied, and his objection concerning his first claim for ineffective assistance of trial counsel is overruled.

Petitioner also objects to the portion of the PF&RD addressing his second and third claims for ineffective assistance of trial counsel. Petitioner states that the issues are "fact driven" and requests an evidentiary hearing on the matter. [CV Doc. 15; CR Doc. 152] at 1. Petitioner never requested an evidentiary hearing on these issues. His request is therefore denied as waived, and his objections to the PF&RD concerning his second and third claims for ineffective assistance of trial counsel are overruled.

## II.     Objections on claims for ineffective assistance of appellate counsel overruled

Petitioner objects to Judge Vidmar's proposed disposition concerning his claims for ineffective assistance of appellate counsel. [CV Doc. 15; CR Doc. 152] at 1–2. Petitioner offers nothing more than his prior conclusions, arguing "that the length of the investigative detention means it violated the Fourth Amendment, and that there was no probable cause to seize the vehicle and /or [Petitioner] and take the vehicle elsewhere to be further searched." *Id.* at 1. The objection is conclusory and lacking any specificity. *See One Parcel of Real Property*, 73 F.3d at 1060. Therefore, the objection is overruled.

Petitioner requests, in the alternative, that an "out of time appeal be granted on the issue." [CV Doc. 15; CR Doc. 152] at 2 (citing *Adams*, 588 F. App'x 811). Petitioner never requested an out-of-time appeal in his Motion or supplemental briefing. The Court finds that Petitioner has waived his request for an out-of-time appeal because he did not raise the issue before

Judge Vidmar. *See Garfinkle*, 261 F.3d at 1031. Therefore, Petitioner's request is denied and his objections concerning his ineffective-assistance-of-appellate-counsel claims are overruled.

## Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's objections [CV Doc. 15; CR Doc. 152] are **OVERRULED**, his requests for an evidentiary hearing and out-of-time appeal are **DENIED** as waived, and the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 14; CR Doc. 151] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Gutierrez's Motion under 28 U.S.C. § 2254 [CV Doc. 1; CR Doc. 138] is **DENIED**, and the case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**United States District Judge**