**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANK GUTIERREZ,

      Petitioner,

vs.                                    No. CV 16-01218 RB/GBW
                                            No. CR 09-00760 RB

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings on the Petition to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) filed by Frank Gutierrez on November 4, 2016. (CV Doc. 1, CR Doc. 170). The Court concludes that the Petition is a second or successive § 2255 motion filed without Court of Appeals' authorization and the Court will dismiss the Petition for lack of jurisdiction.

Petitioner, Frank Gutierrez, was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 on April 20, 2010. (CR Doc. 94). Judgment was entered on his conviction on June 14, 2011 (CR Doc. 104). On June 27, 2011, Gutierrez filed a direct appeal to the United States Court of Appeals for the Tenth Circuit. (CR Doc. 107). The Tenth Circuit affirmed the conviction and judgment. (CR Doc. 133). Gutierrez filed a Petition for Writ of Certiorari, which was denied by the U.S. Supreme Court on April 15, 2013. (CR Doc. 135, 136).

Gutierrez filed his first motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 on March 30, 2014. (CR Doc. 138).  His § 2255 motion raised issues of ineffective assistance of counsel during trial and on appeal.  (CR Doc. 138).  The Magistrate Judge entered proposed findings and a recommended decision on January 27, 2015. The proposed findings and recommended decision were adopted by the District Judge and Judgment was entered dismissing the § 2255 motion on March 2, 2015.  (CR Doc. 151, 153, 155).

Gutierrez then filed a Motion to Enforce Order, which the Court dismissed for lack of jurisdiction.  (CR Doc. 156, 157). In his Motion to Enforce, Gutierrez raised a claim of police misconduct in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).  This Court dismissed his Motion and advised Gutierrez that the only remedy for a post-conviction *Brady* claim was under § 2255. (CR Doc. 157).   Gutierrez appealed and the Tenth Circuit affirmed the dismissal on April 7, 2016.  (CR Doc. 158, 167).  In its Order, the Tenth Circuit stated:

> "Whether or not it is his intention, Mr. Gutierrez is attempting to circumvent the established procedures for asserting *Brady* claims after a conviction has become final.  As the district court indicated, the proper course would be to seek authorization from this court to file a second or successive § 2255 motion, which Mr. Gutierrez may of course still do."

(CR Doc. 167 at 3).

Gutierrez filed two applications in the Tenth Circuit requesting authorization to file a second or successive § 2255 motion.  He based both applications on the U.S. Supreme Court's ruling in *Johnson v. United States,* 135 S.Ct. 2551 (2015) and did not raise his *Brady* claims. (CR Doc. 169).  The Tenth Circuit denied both applications on the grounds that Gutierrez's sentence was not enhanced under the Armed Career Criminal Act or the career offender provision of the Sentencing Guidelines and he was ineligible for relief under *Johnson.*  (CR Doc. 169 at 2-3).

Gutierrez then filed his current Petition to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) in this Court on November 4, 2016. (CV Doc. 1, CR Doc. 170). In this Petition, he raises two grounds for relief:  (1) the Ninth Circuit's ruling in *United States v. Quintero-Leyva*, 823 F.3d 519 (9[th]Cir. 2016) and United States Sentencing Guidelines Amendment 794; and (2) his claims of *Brady* violations.  (CV Doc. 1 at 6-7 and Doc. 2, CR Doc. 170 at 6-7 and Doc. 171).

The exclusive remedy for testing the validity of a judgment and sentence is the remedy provided for in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).  Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain:  (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Gutierrez has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A).  This Court lacks jurisdiction to consider his motion absent the requisite authorization.  When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631.  *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interests of justice to transfer to the Tenth Circuit Court of Appeals. In order to obtain authorization from the Tenth Circuit to proceed, Gutierrez would need to demonstrate that he is relying on "a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). In his § 2255 motion, Gutierrez argues that his sentence should be vacated because he is eligible for a minor role reduction under United States Sentencing Commission Amendment 794. (Doc. 2 at 1). He cites to the recent case from the United States Court of Appeals, Ninth Circuit – *United States v. Quintero-Leyva*, 823 F.3d 519 (9[th]Cir. 2016). In that case, the United States Court of Appeals for the Ninth Circuit held that Amendment 794 applies retroactively on *direct appeal.* 823 F.3d at 523. That case did not hold—nor has any other case held—that such relief is available on *collateral review. See, e.g.*, *Jones v. United States*, 2016 U.S. Dist. LEXIS 126058, at *3 (E.D.N.C. Sept. 16, 2016); *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)); *United States v. Tapia*, 2016 U.S. Dist. LEXIS 124706, at *2, 2016 WL 4815150 (M.D. Fla. Sept. 14, 2016); *Young v. United States,* 2016 U.S. Dist. LEXIS 112765, at *3–4, 2016 WL 4472937 (C.D. Ill. Aug. 24, 2016).

This case is not a direct appeal. It is a collateral attack, and consequently the *Quintero-Leyva* court's reasoning does not apply here. *Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016); *United States v. Pineda*, No. 8:16-CV-2211-T-23AAS, 2016 WL 4814804, at *1 (M.D. Fla. Sept. 14, 2016). Absent a new rule of constitutional law made retroactively applicable on collateral review by the Supreme Court, Gutierrez's claim is not cognizable as a second or successive motion under 28 U.S.C. § 2255.

With respect to his *Brady* claims, Gutierrez has already been advised, both by this Court and the Tenth Circuit, on the requirements for proceeding with a second or successive §2255 motion.  Yet he has again filed his current § 2255 claims without Tenth Circuit authorization. He had the opportunity to raise both his *Quintero-Leyva* and Brady claims in his applications for authorization filed earlier this year, but apparently chose not to do so.  As noted by the Tenth Circuit, whether or not it is his intention, Gutierrez continues to attempt to circumvent the established procedures for obtaining relief on his claims under § 2255.  Based on his disregard of the procedural requirements, the Court determines it is not in the interests of justice to transfer the matter to the Tenth Circuit. *Cline,* 531 F.3d at 1252.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Gutierrez has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that the Petition to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) filed by Frank Gutierrez on November 4, 2016.  (CV Doc. 1, CR Doc. 170) is **DISMISSED** for lack of jurisdiction, and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE