# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          No. 09-cr-0760 RB
                                                                                No. 16-cv-1218 RB/GBW

FRANK GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Frank Gutierrez's Motion for Relief Under Fed. R. Civ. P. 60(b). (09-cr-0760, Doc. 180; 16-cv-1218, Doc. 7.) Mr. Gutierrez seeks reconsideration of the order dismissing his successive 28 U.S.C. § 2255 habeas corpus petition for lack of jurisdiction. Having considered the arguments and the record, the Court will deny the Motion.

**A. Background**

On April 20, 2010, Mr. Gutierrez was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Doc. 94.[1]). Judgment was entered on the conviction on June 14, 2011. (Doc. 104.) Gutierrez appealed to the Tenth Circuit, which affirmed the Judgment. (Doc. 133.) Gutierrez filed a Petition for Writ of Certiorari, which the United States Supreme Court denied on April 15, 2013. (Docs. 135; 136.)

Gutierrez filed his first 28 U.S.C. § 2255 motion on March 30, 2014. (Doc. 138.) He alleged he received ineffective assistance of counsel during trial and on appeal. (*Id.*) The

---

[1] All CM/ECF document numbers refer to those listed in the criminal case, 09-cr-0760, unless otherwise noted.

Magistrate Judge entered proposed findings and a recommended decision on January 27, 2015. (Doc. 151.) By an Order entered March 2, 2015, the Court dismissed the motion on the merits. (Docs. 153; 155.)

Gutierrez then filed a Motion to Enforce Order, which raised a claim relating to police misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 156.) The Court denied the Motion and advised Gutierrez that the only remedy for a post-conviction *Brady* claim was under 28 U.S.C. § 2255. (Doc. 157.) Gutierrez appealed, and the Tenth Circuit affirmed the decision on April 7, 2016. (Docs. 158; 167.)

Gutierrez then filed a motion with the Tenth Circuit seeking authorization to file a second 28 U.S.C. § 2255 habeas claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docs. 168; 169.) The Tenth Circuit denied authorization on July 14, 2016, finding *Johnson* did not impact his sentence. (Doc. 169.) About four months later, Gutierrez filed a successive § 2255 motion in this Court. (Doc. 170.) He alleged: (a) the Court failed to consider factors associated with U.S.S.G. § 3B1.2; (b) the prosecutors violated *Brady* requirements; and (c) the District Court refused to enforce its discovery orders. (Doc. 170.) By a Memorandum Opinion and Order entered November 17, 2016, the Court dismissed the motion as second or successive. (Docs. 174; 175.)

Gutierrez filed the instant Motion to reconsider on February 9, 2018. (Doc. 180.) He seeks relief "because the Court mistakenly believed" he filed one or more § 2255 motions seeking relief under *Johnson*. (*Id.* at 1.) He observes the mistake may be inadvertent, but he tends to believe the Court was "conceal[ing] the Fraud, Corruption and . . . use of false evidence . . . in this case." (*Id.*) Gutierrez also continues to argue the merits of his § 2255 claims. He contends the conviction and sentence resulted from *Brady* violations, corrupt border patrol agents and prosecutors, and a

2

misinterpretation of U.S.S.G. § 3B1.2.

**B. Discussion**

Rule 60(b) relief is available in § 2255 proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.

The Motion raises some procedural defects in the prior habeas proceedings, but it primarily attacks Gutierrez's conviction and sentence. Consistent with *Spitznas*, the Court will therefore treat the motion as "mixed" and address the Rule 60(b) arguments separately from the successive habeas claims. *See* 464 F.3d at 1217.

Grounds for relief under Rule 60(b) include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(l)–(6). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir.

2005).

The Motion does not meet these standards. The primary procedural defect Gutierrez identifies is that the Court misanalysed his earlier § 2255 motion under *Johnson.* (Doc. 180 at 7.) However, none of this Court's dismissal orders were based on *Johnson*. (*See* Docs. 151; 153; 174.) The Tenth Circuit analyzed the *Johnson* claim in its order denying authorization to file a successive habeas claim. (Doc. 169.) This Court cannot grant relief from a Tenth Circuit ruling. Gutierrez also appears to challenge the dismissal of his most recent successive § 2255 motion on the grounds that this "Court could have considered it without authorization" based on the interests of justice. Such argument is inconsistent with the habeas statute and Tenth Circuit law. *See* 28 U.S.C. § 2244(b); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Rule 60(b) relief is, therefore, unavailable.

To the extent Gutierrez continues to challenge his conviction and sentence, these arguments constitute successive habeas claims. As the Court previously explained, the "district court does not have jurisdiction to address the merits of a second or successive [habeas] . . . claim until [the Tenth Circuit] has granted the required authorization" to proceed. *Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 2244(b) (requiring a second or successive § 2254 petition to be certified by the appropriate court of appeals). When the motion is filed without authorization, the district court has discretion to either transfer the matter to the Tenth Circuit in the interests of justice, or dismiss the matter for lack of jurisdiction. *Cline*, 531 F.3d at 1252. Factors to consider in evaluating a transfer include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims . . . are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear . . . that the court lacked the requisite jurisdiction." *Id.* at 1251.

A transfer is not in the interest of justice here because any habeas claims are time barred. *See U.S. v. McGaughy*, 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (Motions under § 2255 must be filed within one year after the defendant's conviction becomes final); 28 U.S.C. § 2255(f)(3) (motions filed after the one-year period must generally be based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Gutierrez filed the instant Motion in February 2018, nearly five years after he completed the criminal appeal process and his Judgment became final in April 2013. Therefore, Gutierrez's successive habeas claims must be dismissed without prejudice for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 4, as Gutierrez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that Gutierrez's Motion for Relief Under Fed. R. Civ. P. 60(b) (09-cr-0760, Doc. 180; 16-cv-1218, Doc. 7) is **DENIED**; and any successive habeas claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that to the extent applicable, a certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR UNITED STATES DISTRICT JUDGE